IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHANIE WASHINGTON            )
                                )
v.                              ) NO. 3:09-0642
                                ) JUDGE CAMPBELL
ARBY'S RESTAURANT GROUP, INC.   )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 30). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff's First Amended Complaint (Docket No. 23) alleges that Plaintiff Stephanie Washington is an African-American woman who was formerly employed by Defendant Arby's Restaurant Group as the General Manager in its Clarksville, Tennessee store.

Plaintiff asserts that in June of 2009, she suffered a fracture of the great toe of her left foot, necessitating that she severely curtail her daily and work activities. Plaintiff contends that Defendant had actual notice of her injury and its effects on her ability to work. Plaintiff claims that Defendant failed to notify Plaintiff of her rights under the Family and Medical Leave Act ("FMLA") and also failed to grant her those rights.

Furthermore, Plaintiff alleges that on July 6, 2009, following her medical leave, her supervisor, Ms. Jatczak, fired Plaintiff, allegedly for altering the reported time of employees and management such that employees and management were not being paid for all hours worked, a claim which Plaintiff contends is false.

Plaintiff asserts claims under Title VII and the Tennessee Human Rights Act ("THRA") for race and gender discrimination, a claim under 42 U.S.C. § 1981 ("Section 1981") for race discrimination, and a claim under the FMLA for interference with her FMLA rights. Defendant has moved for summary judgment on all of Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. *Van Gorder*, 509 F.3d at 268. Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's cases, and on which that party will bear the burden of proof at trial. *Id*.

## RACE AND GENDER DISCRIMINATION

Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of such individual's race or gender. 42 U.S.C. § 2000e-2(a)(1); *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 390 (6th Cir. 2009). In the absence of direct evidence of

2

discrimination, Title VII claims are subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973).[1]

Under this framework, Plaintiff must submit evidence from which a reasonable jury could conclude both that she has established a *prima facie* case of discrimination and that Defendant's legitimate, nondiscriminatory reason for its action is pretext for unlawful discrimination. *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007). To establish a *prima facie* case, Plaintiff must show that (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or similarly situated non-protected employees were treated more favorably. *Id.*

Defendant submits that Plaintiff cannot establish the fourth element of her *prima facie* case, that similarly situated non-protected employees were treated more favorably.[2] Plaintiff argues that she has shown that white, male employees adjusted time records and were not fired. The evidence which Plaintiff cites for this assertion is Exhibit 27 to her deposition (Docket No. 30-2) and her testimony related thereto.

That exhibit, however, does not indicate whether the time adjustments were made for legitimate or improper purposes,[3] and the exhibit does not indicate who made the time adjustments. Furthermore, Plaintiff testified that she had no personal knowledge concerning the time adjustments

---

[1] Plaintiff's THRA and Section 1981 claims are analyzed in the same fashion as her Title VII claim. *Harper v. BP Exploration & Oil Co.*, 896 F.Supp. 743, 747 (M.D. Tenn. 1995); *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1094 (6th Cir. 1996).

[2] Neither side asserts that Plaintiff was replaced by someone of a non-protected class.

[3] Not all time adjustments are improper. Timecard adjustments are improper when they result in the timecard not accurately reflecting the number of hours actually worked. *See* Docket No. 30-1, ¶ 15.

3

in Exhibit 27 (Docket No. 30, pp. 142-45, 149, 156, 159-60, 165-67, and 169-79). Both Ms. Jatczak, Defendant's Area Supervisor, and Ms. Howard, Defendant's Director of Operations for the Nashville District, testified that they were unaware of any improper time adjustments by the individuals named by Plaintiff. Docket No. 30-1, ¶ 17; Docket No. 30-4, ¶ 12. Plaintiff cannot rebut those assertions. *See, e.g.,* Docket No. 30, pp. 146, 162, 179-80.

To be similarly situated, the individuals with whom Plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008) (citing *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992)). The Sixth Circuit has held that the *Mitchell* factors should not be rigidly applied. *Jackson*, 518 F.3d at 394. The appropriate test is to look at those factors relevant to the factual context, as opposed to a requirement that a plaintiff demonstrate similarity in all respects. *Id.*

Here, Plaintiff has not shown that the individuals with whom she seeks to compare herself engaged in the same conduct as she. Plaintiff was fired for improperly altering the reported time of employees and management such that employees and management were not being paid for all hours worked. Plaintiff's supervisors were made aware of the improper conduct and fired her. Plaintiff has not demonstrated that any of the comparable individuals made improper adjustments to time reports or that the relevant supervisors had notice of any improper action and failed to take action.

Therefore, Plaintiff has not established the fourth element of her *prima facie* case such that she survives summary judgment on her race and gender discrimination claims. Even if Plaintiff had

4

established this element, however, the Court finds that Defendant has articulated a legitimate, nondiscriminatory reason for its action and Plaintiff has not shown that reason to be pretext.[4]

Defendant's articulated reason for terminating Plaintiff's employment is that, while she was out on medical leave, employees complained that Plaintiff had improperly altered their time cards. Upon investigation by Plaintiff's supervisors, Defendant found that Plaintiff had improperly adjusted the start and finish times of employees at her store, resulting in employees not being paid for all hours worked. This reason is both legitimate and nondiscriminatory.

Thus, the burden shifts to Plaintiff to show that Defendant's reason was a pretext for intentional racial and/or gender discrimination. To show pretext, Plaintiff may show that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the action, or (3) the proffered reason was insufficient to warrant the adverse action. *Sybrandt*, 560 F.3d at 558.

Plaintiff claims she was wrongfully accused, that she did not alter or falsify time records. The Court finds that Plaintiff has not shown this argument to be true. In any event, Defendant has shown that, even if its decision was incorrect, it held an honest, good faith belief that Plaintiff had violated company policy by improperly altering time records.[5] Defendant's belief was also seriously held enough that Defendant ensured that all employees whose time was improperly altered were

---

[4] Once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to the plaintiff to show that the defendant's reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Id*.

[5] The allegedly undisputed facts to which Plaintiff objects as hearsay (Docket No. 40, ¶¶ 29-30, 34-35, 37-40) are admitted for the purposes of notice to Defendant, not for the truth asserted.

5

promptly compensated for the additional amounts they were owed.  Docket No. 30-4, ¶ 10; Docket No. 30-1, ¶ 13.

So long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual even if it is ultimately shown to be incorrect. *Sybrandt*, 560 F.3d at 559.  Plaintiff's disagreement with the facts uncovered by Defendant's investigation of her conduct does not create a genuine issue of material fact to defeat summary judgment so long as the employer made a reasonably informed and considered decision before taking the complained-of action. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 598-99 (6th Cir. 2007).  An employer has an honest belief in its rationale when it reasonably relied on the particularized facts that were before it at the time the decision was made. *Id*. at 599.  "[W]e do not require that the decisional process used by the employer be optimal or that it left no stone unturned." *Id*.  Plaintiff has not shown that Defendant did not reasonably hold this honest belief under the circumstances presented.

Thus, even if Plaintiff had established a *prima facie* case, which she has not, she has not shown that Defendant's reason was pretext.  More importantly, she has not carried her ultimate burden of showing that the decision to fire her was based upon race or gender.  Plaintiff has failed to establish that the person who made the decision to fire her, Ms. Howard, harbored any discriminatory animus toward her.[6]

---

[6] The Court also notes that the same person, Ms. Howard, hired, promoted and fired the Plaintiff.  Under the "same person inference," one may infer a lack of discrimination from the fact that the same individual both hired and fired the employee. *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 463 (6th Cir. 1995).

Plaintiff makes reference in her brief to a mixed-motive theory of recovery. Docket No. 39, p. 12. A plaintiff brings a mixed-motive claim when she alleges legitimate and illegitimate reasons motivated the employer's adverse employment action. *Johnson-Romaker v. Kroger Ltd. Partnership One*, 609 F. Supp.2d 719, 724 (N.D. Ohio 2009). Under 42 U.S.C. § 2000e-2(m), a plaintiff may show that a defendant has engaged in an unlawful employment practice by demonstrating that race, color, religion, sex or national origin was a motivating factor for the employment practice, even though other factors also motivated the practice.[7]

The Sixth Circuit has held that the *McDonnell Douglas* framework does not apply to the summary judgment analysis of a mixed-motive claim. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 400 (6th Cir. 2008). Rather, to survive a defendant's motion for summary judgment, a Title VII plaintiff asserting a mixed-motive claim need only produce evidence sufficient to convince a jury that (1) the defendant took an adverse employment action against the plaintiff; and (2) race, color, religion, sex or national origin was a motivating factor for that action. *Id*.

Although the burden of producing some evidence in support of a mixed-motive claim is not onerous, there must still be genuine issues of material fact concerning the employer's motivation for its adverse employment action. *White*, 533 F.3d at 401-02. Here, for the reasons stated above, Plaintiff has not shown that race or gender played any part in Defendant's decision.

For all these reasons, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's race and gender discrimination claims under Title VII, the THRA and Section 1981.

## FAMILY AND MEDICAL LEAVE ACT

---

[7] Plaintiff's First Amended Complaint does not allege that other, legitimate factors also motivated the alleged misconduct or that she is bringing a mixed-motive claim under 42 U.S.C. § 2000e-2(m). *See* Docket No. 23.

7

Plaintiff's First Amended Complaint alleges that Defendant failed to notify Plaintiff of her FMLA rights. Yet Plaintiff has admitted that she received a letter from Defendant, on June 22, 2009, notifying her that, based upon the information Defendant had received regarding her medical leave, Defendant was treating her leave as covered by the FMLA. Docket No. 40, ¶ 25. Given this admission, the Court fails to see how Defendant did not notify Plaintiff of her FMLA rights. Plaintiff was not denied the benefit of FMLA leave, and she was notified about that leave within days of her absence.

Plaintiff also claims that Defendant interfered with her FMLA rights by failing to restore her to her former position when she returned to work. The FMLA provides that any eligible employee who takes FMLA leave shall be entitled, on return from such leave, to be restored to the position of employment held by that employee before the leave or to an equivalent position. 29 U.S.C. § 2614(a)(1).

That right to reinstatement under the FMLA is not absolute, however. *Pharakhone v. Nissan North America, Inc.*, 324 F.3d 405, 407 (6th Cir. 2003). An employer need not reinstate an employee who would have lost her job even if she had not taken FMLA leave. *Id.* And an employer need not reinstate an employee if application of a uniformly-applied policy results in the discharge. *Id.* at 408; *see also* 29 U.S.C. § 2614(a)(3).

In other words, interference with an employee's FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 508 (6th Cir. 2006). An employee lawfully may be dismissed if the dismissal would have occurred regardless of the employee's taking of FMLA leave. *Id.*

As shown above, Defendant had a legitimate reason, unrelated to the exercise of FMLA rights, for terminating Plaintiff's employment. Plaintiff has not provided any evidence of a causal connection between her exercise of FMLA rights and the decision to end her employment.

Therefore, Defendant's Motion for Summary Judgment as to Plaintiff's FMLA claim is also GRANTED, and that claim is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE